**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLYDE H. REEVES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-14495 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| THE ANKIN LAW GROUP, LLC; ANKIN LAW OFFICES LLC; ANKIN LAW BUILDING, LLC; ANKIN ACQUISITIONS LLC; TEN NORTH DEARBORN OWNER LLC; HOWARD H. ANKIN; RACHEL GROSS; and PAUL B. ANKIN, | ) | Magistrate Judge Albert Berry III |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff's Motion to Disqualify Counsel [66] is denied without prejudice. Defendants' Motion to Stay Discovery Pending the Court's Ruling on their Motion to Dismiss [68] is granted. Plaintiff's Motion to Compel [71] is denied without prejudice as moot. The motion hearing set for 7/8/26 is stricken. The parties are ordered to file an updated joint status report on 1/7/27 or within 14 days of the District Judge's ruling on the pending motion to dismiss [49], whichever comes first.

## I. Motion to Disqualify Counsel

Plaintiff moves to disqualify Defendants' attorney, Justin M. Penn, arguing that Illinois Rule of Professional Conduct 3.7(a) disqualifies him from representing Defendants. Disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary" and disqualification "motions should be viewed with extreme caution for they can be misused as techniques of harassment." *Hicks v. City of LaSalle*, No. 25-CV-07375, 2026 WL 735122, at *2 (N.D. Ill. Mar. 16, 2026) (quoting *Freeman v. Chicago Musical Instrument*

*Co.,* 689 F.2d 715, 721–22 (7th Cir. 1982)). Local Rule 83.50 provides that the applicable disciplinary rules in this District are the Model Rules adopted by the American Bar Association. Model Rule 3.7(a) states that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." ABA Model R. of Prof 'l Conduct 3.7(a). As one court in this District explained:

> "For a lawyer to be disqualified under Rule 3.7, it must be 'likely' that the lawyer will be called upon to provide testimony that is relevant and material." Annotated Model Rules of Professional Conduct 375 (Ellen J. Bennett et al. eds., 7th ed.2011). "A 'necessary' witness under Rule 3.7 is one whose testimony is unobtainable elsewhere." *Id.* at 376. "A necessary witness is not the same thing as the 'best' witness," however. *Harter v. University of Indianapolis,* 5 F.Supp.2d 657, 665 (S.D.Ind.1998) (interpreting Indiana Rule of Professional Conduct 3.7, which is the same as ABA Model Rule 3.7). Rather, "[i]f the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Id.*

*Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *2 (N.D. Ill. Dec. 14, 2012). Because disqualifying counsel is such a drastic measure and Rule 3.7(a) only prevents counsel from acting as an advocate "at trial," courts often deny motions to disqualify as premature when they are brought during the early stages of litigation, particularly when a motion to dismiss is pending. *See id*. at *3 (denying motion as premature where "defendants have filed motions to dismiss and it is unclear whether the case will in fact proceed to trial"); *see also*, *Hicks*, 2026 WL 735122, at * 3 ("Indeed, the case is at an early stage of litigation, with pending motions to dismiss before the Court. Consequently, it is not clear to the Court at this stage what claims will survive for trial and, if there is a trial, which witnesses will be required"); *Dawaji v. Kohlhoss*, No. 13 CV 6404, 2013 WL 6197161, at *4 (N.D. Ill. Nov. 27, 2013) ("[T]his court has no choice but to deny Defendants' motion as premature because '[d]isqualification is a drastic measure that the courts should impose

only when absolutely necessary,' and because ABA Model Rule 3.7 does not limit the choice of counsel for pre-trial proceedings").

Plaintiff argues that Mr. Penn is a necessary witness because he is mentioned in the operative complaint. (Dkt. 66 at 5). The Amended Complaint alleges that Mr. Penn (who is incorrectly labeled as "Defendant Justin M. Penn," although he is not a named Defendant) "interfered with Plaintiff's private administrative process by issuing intimidating communications without lawful standing." (Dkt. 25 at ¶ 30). Plaintiff contends that Mr. Penn will be a necessary witness at trial to testify about these events.

At this stage of the litigation, Plaintiff has not demonstrated to the Court that Mr. Penn will likely be a necessary witness at trial, such that Defendants should be denied their preferred counsel. To be clear, the Court is not making a finding either way on this issue; if and when this case gets closer to trial, it may become more certain that Mr. Penn is a necessary witness and will need to be disqualified from advocating for Defendants at trial. However, the case is at an extremely early stage of litigation. Discovery has not yet begun and there is still a pending motion to dismiss. Disqualifying Mr. Penn in this procedural posture would be premature. *See Sailsbery v. Vill. of Sauk Vill.,* No. 15 C 10564, 2016 WL 1402291, at *8 (N.D. Ill. Apr. 11, 2016) (denying motion to disqualify where movant "filed this motion very early in her lawsuit; the Defendants have not responded to Sailsbery's claims, established a position on liability and damages, or participated in any discovery or depositions"); *see also*, *Lectric Ltd., Inc. v. D G W, Inc.*, No. 15 C 7744, 2017 WL 1149335, at *7 (N.D. Ill. Mar. 28, 2017) (denying motion to disqualify because "at this time, before the close of discovery (currently stayed), it is unclear that [counsel] must be a witness"); *Parks v. Miller*, No. 18-3244, 2019 WL 13117299, at *6 (C.D. Ill. Jan. 28, 2019) (Argument that Rule 3.7(a) motion was premature was "particularly true, considering discovery has not started in

this matter"). As such, the Court believes that the motion to disqualify is premature and must be denied without prejudice.

**II. Motion to Stay**

Defendants move to stay discovery while their motion to dismiss [49] is pending. The Court notes that Plaintiff was ordered to file a brief in opposition by June 18, 2026, [Dkt. 69], but no opposition was filed.[1] When determining whether to stay discovery during the pendency of a motion to dismiss, courts consider: (1) whether a stay will prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Liggins v. Reicks*, Case No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021). Here, the Court believes that all three factors weigh in favor of staying this case.

First, the Court does not believe that Plaintiff will be prejudiced by staying discovery in this matter. Plaintiff will be able to fully litigate any remaining claims after his motion to dismiss is decided. Second, a stay is likely to simplify the issues. Courts often find this factor cuts in favor of staying discovery when a pending motion to dismiss raises threshold issues such as standing or qualified immunity. *See Liggins*, 2021 WL 2853359, at *1 (quoting *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity . . . ."). Defendants argue in their motion to dismiss that another court in this District has already dismissed identical claims raised by the same Plaintiff in another lawsuit. (Dkt. 50 at 4-6). Although Defendants do not specifically argue *res judicata* or collateral estoppel in their motion to dismiss, the arguments raised are akin to those principles, which are

[1] In his motion to compel, Plaintiff stated that he takes no position on the pending stay of discovery. (Dkt. 71 at 6).

considered threshold issues that support a stay. *See Su v. Su*, No. 19 CV 7772, 2022 WL 22877455, at *2 (N.D. Ill. Apr. 11, 2022) ("[T]here is no question that those arguments go to the heart of threshold issues before the Court, including whether: (a) the Court has jurisdiction to resolve this case; and (b) the doctrines of *res judicata*, collateral estoppel and/or claim-splitting bar this lawsuit irrespective of its merits"). Finally, the Court finds that a stay of discovery would reduce the burden of litigation to the parties and the Court. Discovery in this matter will be expensive and protracted for the parties. Moreover, Plaintiff has shown himself to be dogged and litigious in pursuing his claims, which is commendable. However, the Court can foresee that discovery in this matter will likely be contentious and require significant court intervention to resolve discovery disputes. As such, the Court believes it would be prudent to ascertain exactly which claims and parties are viable before diving headlong into discovery, rather than expend judicial resources litigating discovery disputes on issues that may ultimately be dismissed from the suit. Because all three factors weigh in favor of the stay, the Court grants Defendants' motion to stay discovery during the pendency of the motion to dismiss.

## III. Motion to Compel

Plaintiff also moves to compel Defendants' Rule 26(a)(1) disclosures. In light of this Order staying discovery, the Court denies the motion to compel without prejudice as moot, with leave to re-file once the stay of discovery is lifted. Additionally, Federal Rule of Civil Procedure 26(a)(1)(C) clearly states that initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference." The Court notes that it previously ordered the parties to hold a Rule 26(f) conference. (Dkt. 46). However, from the parties' filings, it is unclear whether such a meeting ever took place. Defendants state that they have not held a Rule 26(f) conference, (Dkt. 73 at 3), and Plaintiff argues that Rule 26(a)(1) disclosures are not contingent on a Rule 26(f)

conference, (Dkt. 71 at 3), which implies that no such meeting took place, despite the Court's previous minute order. If that is the case, the Court would also deny the motion, as the initial disclosures are not yet due under the Federal Rules of Civil Procedure. The motion is denied.

DATED: June 29, 2026

Albert Berry III
United States Magistrate Judge